IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| ORVILLE A. REAGLE, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | C.A. No. 09-777-GMS |
| CARMAN FORD INC., | ) | |
| Defendant. | ) | |

## MEMORANDUM

### I. INTRODUCTION

On October 19, 2009, Orville Reagle ("Reagle"), a Maryland resident who appears *pro se*, filed this diversity action against Carman Ford, a Delaware corporation. Presently before the court is Carman Ford's motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. (D.I. 3.) Having reviewed the parties' submissions and the relevant case law, the court will grant the defendant's motion. The court's reasoning follows.

### II. BACKGROUND

Carman Ford, a Delaware corporation, sells new and used vehicles at its dealership in New Castle, Delaware. (D.I. 6 ¶ 3.) Reagle is a Maryland resident who has lived in Elkton, Maryland for more than thirty years. (Id. ¶ 1.) In October 2006, Reagle visited Carman Ford's New Castle dealership to purchase a vehicle. (D.I. 1 ¶ 11.) After test-driving a 2001 Ford Ranger, Reagle offered Carman Ford $6,700 to buy it, and Carman Ford accepted the offer. (Id. ¶¶ 11-12.)

The crux of Reagle's complaint is that Carman Ford knowingly and deliberately

overcharged him for the vehicle. (Id. ¶ 38.) After purchasing the vehicle and paying Carman Ford additional fees for Maryland tags, title and taxes, Reagle contends Carman Ford retained $88.23 more than the agreed price. (Id. ¶ 37.) Reagle alleges that despite repeated requests, Carman Ford has refused to issue a refund for this amount. (Id. ¶¶ 14, 30, 34.) In his response to Carman Ford's motion to dismiss, Reagle does not appear to dispute that $88.23 represents the total liquidated damages at stake. (D.I. 5 ¶ 5.) He contends, however, that "this case is no more about $88.73 . . . than a civil suit for rape is about the cost of the victim's morning-after pill. . . . The complained of incidents resulted in emotional harm to plaintiff which is not unlike that suffered by a rape victim; plaintiff may have nominal actual damages, but he has untold damages of a less tangible nature." (Id. ¶ 1.)

## III. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges the jurisdiction of the court to address the merits of a plaintiff's complaint. A motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction can take two forms: it can attack the complaint on its face (facial attack), or it can attack the existence of subject matter jurisdiction in fact (factual attack). *See Mortensen v. First Federal Savings and Loan*, 549 F.2d 884, 891 (3d Cir. 1977). When reviewing a factual attack the court is free to weigh the evidence outside the pleadings to resolve factual issues bearing on jurisdiction, and to satisfy itself as to the existence of its power to hear the case. *Id.* Therefore, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the court from evaluating the merits of jurisdictional claims for itself. *Id.* The plaintiff bears the burden to prove that jurisdiction does in fact exist. *Id.* Carman Ford's motion presents a facial

challenge, because Carman Ford does not dispute the jurisdictional facts alleged by the plaintiff in his complaint. Therefore, the Court must accept the facts put forward in the complaint as true, and draw all reasonable inferences in favor of the plaintiff. *Id.*

## IV. DISCUSSION

Federal courts are empowered to hear claims that do not present a federal question when the parties are residents of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C.A. § 1332(a)(1) (2005). In establishing whether the amount in controversy requirement has been satisfied, a good-faith claim by the plaintiff will control unless, from the face of the pleadings, it is apparent to a legal certainty that the plaintiff cannot recover the amount claimed. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938). If both actual and punitive damages are recoverable under the claim, they may be aggregated to determine whether the jurisdictional amount has been satisfied. *Stephens v. Melson*, 426 F. Supp. 1022, 1024 (D. Del. 1977), *citing Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 240 (1943). A mere statement by plaintiff that the amount in controversy is met with the addition of punitive damages does not, however, prevent the court from probing the relevant jurisdictional facts. *Stephens*, 320 U.S. at 240, *citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

While it appears that diversity of citizenship exists between the parties, the court concludes that the plaintiff has not established that the amount in controversy exceeds $75,000. To meet the amount in controversy requirement, the plaintiff seeks to aggregate actual and punitive damages, as well as compensation for the "hundreds of hours of work spent" as a *pro se* litigant. (D.I. 1 ¶ 41.) The plaintiff seems to concede that his actual damages are "nominal"

(D.I. 5 ¶ 1), but nonetheless asserts that "a jury may find that plaintiff's emotional injury is substantial." (*Id.* ¶ 6.) While this may be so, the plaintiff offers no facts in his complaint that would support damages for emotional harm except for a bare assertion that the defendant's actions have caused him "considerable" emotional distress. (D.I. 1 ¶ 40.) In order to recover damages for emotional harm under Delaware law, "the plaintiff must show that the defendants' intentional conduct was extreme and outrageous and caused plaintiff to suffer severe emotional distress." *Candelora v. Clouser*, 621 F. Supp. 335, 343 (D. Del. 1985), *citing Avallone v. Wilmington Med. Ctr., Inc.*, 553 F. Supp. 931, 938 (D. Del. 1982). The plaintiff has provided no such details regarding the severity of his alleged emotional harm, much less facts that would support damages sufficient to meet the jurisdictional amount.

The legal theories invoked by the plaintiff in support of his claim for punitive damages cannot remedy his failure to satisfy the amount in controversy requirement. The damages that a plaintiff may recover under claims of fraud or misrepresentation are generally limited to those which are the direct and proximate result of the false representation or actual out of pocket loss. *Lankford Signs, Inc. v. Tenefoss*, 1998 WL 1557441, *5 (Del. Com. Pl. 1998). Punitive damages may be obtained where the fraud is "gross, oppressive or aggravated, or where it involved breach of trust or confidence . . . [but] [t]he amount of punitive damages should be reasonably proportionate to the actual damages . . . ." *Id.* (internal citation omitted). Similarly, while the Delaware Consumer Fraud Act permits punitive damages,[1] the statute tethers such damages to the amount of actual damages. *See Stephenson v. Capano Dev., Inc.*, 462 A.2d 1069, 1076-77 (Del. 1983). Therefore, even assuming the instant case warrants punitive damages, Delaware

---

[1] The Consumer Fraud Act is codified at 6 Del. C. §§ 2511-2526. The plaintiff also alleges a violation of Delaware's Deceptive Trade Practices Act (6 Del. C. § 2531 et seq.), but this statute does not grant standing to consumers challenging a business's practice. *Grand Ventures, Inc. v. Whaley*, 632 A.2d 63, 65 (Del. 1993).

law does not countenance the disproportion between actual and exemplary damages that the plaintiff asserts. Finally, the plaintiff's attempt to add attorney's fees to meet the jurisdictional amount is also unavailing, since "Delaware, like many other states, does not grant attorneys' fees to self-represented litigants." *Adams v. Calvarese Farms Maint. Corp.*, 2010 WL 3944961, *24 (Del. Ch. Sept. 17, 2010), *citing Clark v. D.O.W. Finance Corp.*, 2000 WL 973092, *7 (Del. Super. May 26, 2000).[2]

For these reasons, the court will grant Carman Ford's motion and dismiss the above-captioned case for lack of subject matter jurisdiction.

Dated: March 31, 2011

CHIEF, UNITED STATES DISTRICT JUDGE

---

[2] Moreover, litigants ordinarily must pay their own attorney's fees. *See, e.g., Maurer v. Int'l Re-Ins. Corp.*, 95 A.2d 827, 830 (Del. 1953). Even in cases where an award of attorney's fees is appropriate, the amount of such fees should be based on the amount of the claim. *Nassau Gallery Inc. v. Nationwide Mut. Fire Ins. Co.*, 2003 WL 22852242, *4 (Del. Super. Nov. 18, 2003) (finding that attorneys' fees which were ten times the amount of the underlying judgment were "clearly unreasonable").

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ORVILLE A. REAGLE, )
)
    Plaintiff, )
)
v. ) C.A. No. 09-777-GMS
)
CARMAN FORD INC., )
)
    Defendant. )
)

## ORDER

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY ORDERED that:

1. The defendant's Motion to Dismiss (D.I. 3) is GRANTED.

2. The Clerk of Court is directed to close this case.

Dated: March 31, 2011

CHIEF, UNITED STATES DISTRICT JUDGE